UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WENDIE M. RAINS,

    Defendant.

3:14-CV-00264-LRH-VPC

ORDER

Before the court is plaintiff United States' motion for default judgment against defendant Wendie M. Rains ("Rains"). Doc. #7.[1]

**I. Facts and Procedural History**

On May 22, 2014, the United States filed a complaint against Rains for damages arising under the Nursing Education Loan Repayment Program (NELRP), 42 U.S.C. §297n, and implementing regulations under 42 C.F.R. § 57.312. Doc. #1. On July 24, 2014, service of the summons and complaint was accomplished by delivery of the summons and a copy of the complaint to Rains' husband at her residence. Doc. #4. Rains did not file an answer or other responsive pleading with the court after being properly served. *Id.* Subsequently, the Clerk of Court entered a default against Rains. Doc. #5. Thereafter, the United States filed the present motion for default judgment against Rains. Doc. #7.

///

///

---

[1] Refers to the Court's docket number.

1

**II. Discussion**

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.* (citations omitted).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The court has reviewed the documents and pleadings on file in this matter and finds that the *Eitel* factors support entering a default judgment in this action. First, the United States will be severely prejudiced if a default judgment is not entered because Rains has shown an unwillingness to appear. Second, the United States' claims are sufficiently pled and support its requested relief. Third, the relief requested is directly related to the underlying student loan. Fourth, there is no excusable neglect for Rains' failure to participate in this action. Finally, although public policy favors a resolution on the merits, the court finds that a default judgment is warranted in light of the other *Eitel* considerations and the fact that Rains' unwillingness to participate precludes resolution on the merits.

**III. Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (Doc. #7) is GRANTED. The United States shall have ten (10) days after entry of this order to prepare an appropriate proposed judgment against Wendie M. Rains and submit the same for approval and signature by the court.

IT IS SO ORDERED.

DATED this 20th day of November, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE